**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**IN RE: ROBERT W. JOHNSON,**                                  **5:22-PF-0003 (GTS)**

                                   **Respondent.**

_____

**GLENN T. SUDDABY, Chief United States District Judge**

## <u>ORDER TO SHOW CAUSE</u>

Recently the undersigned determined that grounds may exist to enjoin Robert W. Johnson ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

> whether other sanctions would be adequate to protect the courts
> and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in an action that is open at the time of the issuance of the Court's anti-filing injunction, until that action is closed).

A review of Respondent's litigation history on the District's Case Management / Electronic Case Filing (CM/ECF) System reveals that, between April 26, 2022, and May 5, 2022–a period of only ten (10) days–Respondent filed forty-seven (45) pro se civil rights actions in this District:

|    | Case Number |  | Date Filed |
|----|-------------|--|-----------|
| 1. | 5:22-cv-00463-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 2. | 5:22-cv-00464-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 3. | 5:22-cv-00465-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 4. | 5:22-cv-00466-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 5. | 5:22-cv-00467-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 6. | 5:22-cv-00389-GLS-ML | (N.D.N.Y.) | 04/26/22 |
| 7. | 5:22-cv-00396-GLS-ML | (N.D.N.Y.) | 04/28/22 |
| 8. | 5:22-cv-00403-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 9. | 5:22-cv-00404-GLS-ML | (N.D.N.Y.) | 05/02/22 |

10.   5:22-cv-00405-GLS-ML   (N.D.N.Y.)   05/02/22

11.   5:22-cv-00406-GLS-ML   (N.D.N.Y.)   05/02/22

12.   5:22-cv-00407-GLS-ML   (N.D.N.Y.)   05/02/22

13.   5:22-cv-00408-GLS-ML   (N.D.N.Y.)   05/02/22

14.   5:22-cv-00409-GLS-ML   (N.D.N.Y.)   05/02/22

15.   5:22-cv-00410-GLS-ML   (N.D.N.Y.)   05/02/22

16.   5:22-cv-00411-GLS-ML   (N.D.N.Y.)   05/02/22

17.   5:22-cv-00412-GLS-ML   (N.D.N.Y.)   05/02/22

18.   5:22-cv-00413-GLS-ML   (N.D.N.Y.)   05/02/22

19.   5:22-cv-00414-GLS-ML   (N.D.N.Y.)   05/02/22

20.   5:22-cv-00415-GLS-ML   (N.D.N.Y.)   05/02/22

21.   5:22-cv-00416-GLS-ML   (N.D.N.Y.)   05/02/22

22.   5:22-cv-00417-GLS-ML   (N.D.N.Y.)   05/02/22

23.   5:22-cv-00418-GLS-ML   (N.D.N.Y.)   05/02/22

24.   5:22-cv-00419-GLS-ML   (N.D.N.Y.)   05/02/22

25.   5:22-cv-00420-GLS-ML   (N.D.N.Y.)   05/02/22

26.   5:22-cv-00421-GLS-ML   (N.D.N.Y.)   05/02/22

27.   5:22-cv-00424-GLS-ML   (N.D.N.Y.)   05/03/22

28.   5:22-cv-00425-TJM-ATB   (N.D.N.Y.)   05/03/22

29.   5:22-cv-00426-BKS-ATB   (N.D.N.Y.)   05/03/22

30.   5:22-cv-00439-GTS-TWD   (N.D.N.Y.)   05/05/22

31.   5:22-cv-00440-GTS-TWD   (N.D.N.Y.)   05/05/22

32.   5:22-cv-00441-GTS-TWD   (N.D.N.Y.)   05/05/22

33.     5:22-cv-00442-GTS-TWD  (N.D.N.Y.)    05/05/22

34.     5:22-cv-00443-GTS-TWD  (N.D.N.Y.)    05/05/22

35.     5:22-cv-00444-GTS-TWD  (N.D.N.Y.)    05/05/22

36.     5:22-cv-00445-GTS-TWD  (N.D.N.Y.)    05/05/22

37.     5:22-cv-00447-GTS-TWD  (N.D.N.Y.)    05/05/22

38.     5:22-cv-00449-GTS-TWD  (N.D.N.Y.)    05/05/22

39.     5:22-cv-00450-GTS-TWD  (N.D.N.Y.)    05/05/22

40.     5:22-cv-00451-GTS-TWD  (N.D.N.Y.)    05/05/22

41.     5:22-cv-00452-GTS-TWD  (N.D.N.Y.)    05/05/22

42.     5:22-cv-00453-GTS-TWD  (N.D.N.Y.)    05/05/22

43.     5:22-cv-00454-GTS-TWD  (N.D.N.Y.)    05/05/22

44.     5:22-cv-00455-GTS-TWD  (N.D.N.Y.)    05/05/22

45.     5:22-cv-00457-GTS-TWD  (N.D.N.Y.)    05/05/22.[1]

Even a cursory review of the 16 actions pending before the undersigned (i.e.,

those whose case numbers are followed by the initials "GTS") reveals that (1) they

consist of purported "appeals" from decisions and/or orders recently issued by the

United States District Court for the District of Vermont,[2] and (2) Respondent was

---

[1]     The Court notes that, before April 27, 2022, Respondent filed two other actions in
this District, both of which were sua sponte dismissed. *See Johnson v. Hale*, 9:15-cv-01513-
GLS-TWD, Decision and Order (N.D.N.Y. (filed 04/25/16); *Johnson v. Fischer*, 1:19-cv-01384-
TJM-DJS, Decision and Order (N.D.N.Y. filed 03/23/20).

[2]     The Court notes that a review of the District of Vermont's CM/ECF System
confirms this fact. *See* 2:22-cv-00030-WKS (D. Vt.) (filed 02/07/22; sua sponte dismissed
04/07/22); 2:22-cv-00032-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-
cv-00033-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00035-WKS
(D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00036-WKS (D. Vt.) (filed
02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00037-WKS (D. Vt.) (filed 02/10/22; sua
sponte dismissed 04/08/22); 2:22-cv-00038-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed

advised of the impropriety of filing such actions but insisted on doing so anyway. A

review of the remaining 29 actions reveals similar cavalier disregard for the Federal

Rules of Civil Procedure (including Rules 8, 10 and 12).[3]

Finally, a similar abusive litigation history is revealed by a review of the CM/ECF

Systems for the Southern District of New York,[4] the Western District of New York,[5] and

---

04/08/22); 2:22-cv-00039-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/07/22); 2:22-cv-00040-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00041-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00042-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/07/22); 2:22-cv-00043-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00044-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00045-WKS (D. Vt.) (filed 02/14/22; sua sponte dismissed 04/07/22); 2:22-cv-00049-WKS (D. Vt.) (filed 02/14/22; sua sponte dismissed 04/07/22); 2:22-cv-00070-WKS (D. Vt.) (filed 03/22/22; sua sponte dismissed 04/07/22); 2:22-cv-00081-WKS (D. Vt.) (filed 04/04/22; sua sponte dismissed 04/08/22).

[3]      *See, e.g.,* 5:22-cv-00463-MAD-TWD(N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00463-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00465-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00466-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00467-MAD-TWD (N.D.N.Y.) (operative pleading consists of an "Appeal for Alleged Injunction").

[4]      *See, e.g.,* 1:19-cv-02902-CM (S.D.N.Y.) (filed 03/29/19; dismissed 05/22/19); 1:19-cv-03345-VEC-RWL (S.D.N.Y.) (filed 04/12/19; dismissed 11/02/20); 1:19-cv-05090-LLS (S.D.N.Y.) (filed 05/29/19; dismissed 06/26/19); 1:19-cv-06272-LLS (S.D.N.Y.) (filed 07/02/19; dismissed 07/15/19); 1:19-cv-07111-CM (S.D.N.Y.) (filed 07/30/19; dismissed 11/25/19); 1:19-cv-07337-GHW (S.D.N.Y.) (filed 08/05/19; dismissed 07/13/20); 1:19-cv-08157-MKV (S.D.N.Y.) (filed 08/30/19; dismissed 01/25/21); 1:19-cv-08249-CM (S.D.N.Y.) (filed 09/03/19; dismissed 01/31/20);  1:19-cv-08508-CM (S.D.N.Y.) (filed 09/10/19; dismissed 11/15/19); 1:19-cv-08662-CM (S.D.N.Y.) (filed 09/18/19; dismissed 11/12/19); 1:19-cv-08832-CM (S.D.N.Y.) (filed 09/20/19; dismissed 12/03/19); 1:19-cv-09336-CM (S.D.N.Y.) (filed 10/07/19; dismissed 11/26/19); 1:19-cv-11127-CM (S.D.N.Y.) (filed 12/02/19; dismissed 01/24/20); 1:19-cv-11128-CM (S.D.N.Y.) (filed 12/02/19; dismissed 01/27/20);  1:19-cv-11202-CM (S.D.N.Y.) (filed 12/05/19; dismissed 02/05/20); 1:19-cv-11831-CM (S.D.N.Y.) (filed 12/20/19; dismissed 02/14/20); 1:20-cv-01368-CM (S.D.N.Y.) (filed 02/14/20; dismissed 08/13/20); 1:20-cv-03303-LLS (S.D.N.Y.) (filed 04/23/20; dismissed 05/21/20).

[5]      *See* 1:05-cv-00658-RJA (W.D.N.Y.) (filed 09/16/05; dismissed 07/21/10); 1:14-cv-00355-RJA (W.D.N.Y.) (filed 05/12/14; dismissed 06/03/14); 1:14-cv-0359-RJA (W.D.N.Y.)

(as previously indicated) the District of Vermont.[6]  Indeed, the Southern District of New York has at least three times barred Respondent filing pro se civil actions without further leave of the Court.[7]

Based on Respondent's abusive litigation history in this Court, the undersigned has difficulty finding that he possessed an objective good-faith expectation of prevailing in any of his actions, which have caused, are causing and/or will cause needless expense to other parties and the Court.  Moreover, given that Respondent has been advised of and has disregarded the consequences of such abusiveness, the undersigned finds that other sanctions would be inadequate to protect other parties and the Court.

Notwithstanding the overwhelming support for an anti-filing injunction, fairness dictates that Respondent be given notice and an opportunity to be heard.  *See Iwachiw*, 396 F.3d at 529.  As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without

---

(filed 05/14/14; dismissed 06/12/17); 1:19-cv-00514-EAW (W.D.N.Y.) (filed 04/01/19; dismissed 01/13/20); 1:19-cv-01288-EAW (W.D.N.Y.) (filed 08/30/19; dismissed 03/29/21); 1:19-cv-01385-JLS (W.D.N.Y.) (filed 09/05/19; dismissed 03/03/21); 1:19-cv-1447-JLS (W.D.N.Y.) (filed 10/30/19; dismissed 08/27/21); 1:19-cv-1475-JLS (W.D.N.Y.) (filed 08/30/19; dismissed 03/03/21); 1:19-cv-1484-JLS (W.D.N.Y.) (filed 08/30/19; dismissed 02/19/21); 1:19-cv-01529-JLS (W.D.N.Y.) (filed 11/12/19; dismissed 08/27/21); 1:20-cv-00269-JLS (W.D.N.Y.) (filed 03/04/20; dismissed 08/28/21); 1:20-cv-00304-JLS (W.D.N.Y.) (filed 03/13/20; dismissed 02/19/21); 1:20-cv-00346-JLS (W.D.N.Y.) (filed 03/23/20; dismissed 12/22/20).

[6]    *See, supra,* note 2 of this Order to Show Cause.

[7]    *See Johnson v. Wolf*, 1:19-cv-07337-GHW, Bar Order (S.D.N.Y. filed 07/13/20); *Johnson v. New York Police Dep't*, 1:20-cv-01368-CM, Bar Order (S.D.N.Y. filed 08/13/20); *Johnson v. Town of Onondaga*, 1:19-cv-11128-CM, Bar Order (S.D.N.Y. filed 04/01/21).

prior permission of the Chief Judge or his or her designee (except pleadings or

documents in an action that is open at the time of the issuance of the Court's anti-filing

injunction, until that action is closed).

**ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of

this Order, show cause, *in writing*, why he should not be enjoined from filing any future

pleadings or documents of any kind (including motions) in the Northern District of New

York *pro se* without prior permission of the Chief Judge or his or her designee (except

pleadings or documents in an action that is open at the time of the issuance of the

Court's anti-filing injunction or "Pre-Filing Order," until that action is closed);[8] and it is

further

**ORDERED** that, if Respondent does not fully comply with this Order, the Court

will issue a subsequent order, without further explanation, permanently so enjoining

Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by

certified mail; and it is further

---

[8]    In addition, nothing in the injunction would (1) hinder Respondent's ability to defend himself in any criminal action brought against him, or bring a habeas corpus action, or (2) limit his access as a plaintiff to any court other than the United States District Court for the Northern District of New York. However, the injunction would apply to, among other things, continued filings of documents by Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by him in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds previously trodden by Respondent in this Court, and asserted against defendants who had been previously sued by him in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 & nn.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).

**ORDERED** that <u>Respondent shall no longer email, call or visit the Clerk's Office</u>

<u>of the U.S. District Court for the Northern District of New York pro se. To the extent</u>

<u>Respondent would like to file something with the U.S. District Court for the Northern</u>

<u>District of New York pro se (including his Response to this Order to Show Cause), he</u>

<u>must do so by mail</u>.

Dated:      May 6, 2022
            Syracuse, New York


Hon. Glenn T. Suddaby
Chief U.S. District Judge